UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| PHI AVIATION, LLC | CIVIL ACTION NO. |
|---|---|
| | SECTION |
| versus | |
| | JUDGE |
| TERRY MYERS and SHARON MYERS | MAGISTRATE |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, PHI Aviation, LLC ("PHI") (formerly PHI, Inc.), which submits this Complaint against Defendants, Terry Myers and Sharon Myers (sometimes referred to collectively as the "Defendants" or "Mr. and Mrs. Myers"), averring as follows:

## INTRODUCTION

1.

This is a civil action arising under the laws of the United States. More specifically, this is an action for "appropriate equitable relief" under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132(a)(3) ("ERISA"). PHI seeks reimbursement of qualifying medical and other expenses paid by PHI on behalf of Mr. and Mrs. Myers, who at all relevant times were participants in the Medical Benefit Plan for the Employees of PHI, Inc. (the "Plan"), sponsored by PHI and administered at times by Blue Cross Blue Shield of Louisiana ("Blue Cross Louisiana") or Blue Cross Blue Shield of South Carolina ("Blue Cross South Carolina"). As of the filing of this Complaint, PHI has paid approximately $534,465.96 in qualifying medical and other expenses on behalf of Mr. and Mrs. Myers, who are legally and

contractually obligated to reimburse PHI for those expenses, in addition to any such expenses that might be incurred in the future.

## THE PARTIES

2.

Plaintiff, PHI Aviation, LLC, is a Louisiana limited liability company with its principal place of business in Lafayette, Louisiana. PHI is a "fiduciary" of the Plan pursuant to 29 U.S.C. § 1002(21).

3.

Made Defendants herein are:

(a) Defendant, Terry Myers (referred to herein, individually, as "Mr. Myers"), who is a person of the full age of majority and who is domiciled in Lafayette, Louisiana; and

(b) Defendant, Sharon Myers (referred to herein, individually, as "Mrs. Myers"), who is the wife of Mr. Myers, is a person of the full age of majority, and is domiciled in Lafayette, Louisiana.

## JURISDICTION AND VENUE

4.

This Court has federal-question subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the Plan is a Medical Benefit Plan governed by ERISA, 29 U.S.C. § 1001 *et seq.* The Plan was established by the employer and Plan Sponsor, PHI, to provide group health insurance coverage for its eligible employees. Additionally, federal-question jurisdiction exists because this action seeks "appropriate equitable relief" to enforce the terms of the Plan

under 29 U.S.C. § 1132(e)(1), which provides for federal jurisdiction over actions brought under Title I of ERISA.

5.

Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), because some or all of the violations of ERISA occurred in this District, and Defendants reside or may be found in this District.  Venue is also proper in this District pursuant to 29 U.S.C. § 1391 because Defendants reside in this District.

## ALLEGATIONS AND CLAIM FOR REIMBURSEMENT

6.

Headquartered in Lafayette, Louisiana, PHI is a leading helicopter services company that employs individuals in Louisiana and elsewhere to service domestic and international clients in a variety of industries.  PHI sponsors a Medical Benefit Plan (defined above as the "Plan") for certain of its employees, and the Plan is governed by ERISA.  At all relevant times, the Plan was administered by either Blue Cross Louisiana or Blue Cross South Carolina.

7.

Mr. Myers was employed by PHI from June 24, 2013, through May 15, 2019, when his employment was terminated.  Mr. and Mrs. Myers were participants in the Plan at all relevant times, including on December 20, 2013, and thereafter.

8.

On or about December 20, 2013, while Mr. Myers was employed by PHI, and while Mr. and Mrs. Myers were participants in the Plan, they were involved in a rear-end motor-vehicle accident in Acadia Parish, Louisiana (referred to as the "Accident").  At the time of the Accident, Mrs. Myers was operating a 2013 Volkswagen Passat, with Mr. Myers as a passenger, when her

vehicle was rear-ended by a 2010 Ford F-150 operated by David Milas and owned by ARI Fleet LT.

9.

As a result of the Accident, Mr. and Mrs. Myers received substantial medical treatment and other services from medical providers and facilities throughout the State of Louisiana and elsewhere.  The costs of the medical treatment and other services received by Mr. and Mrs. Myers as a result of the Accident were submitted to and processed by Blue Cross Louisiana or Blue Cross South Carolina, and paid for by PHI under the Plan. As of the filing of this Complaint for Damages, PHI has paid approximately $534,465.96 in qualifying medical and other expenses on behalf of Mr. and Mrs. Myers.

10.

On or about May 29, 2014, Mr. and Mrs. Myers filed a civil lawsuit to recover damages as a result of the Accident.  Specifically, Mr. and Mrs. Myers filed a Petition for Damages in the 15th Judicial District Court for the Parish of Acadia, State of Louisiana, against David A. Milas, ARI Fleet LT, and the Insurance Company of the State of Pennsylvania, which was assigned Civil Docket No. 201410512-G in the 15th Judicial District Court (referred to herein as the "Underlying Litigation").

11.

In the Underlying Litigation, Mrs. Myers alleged that she sustained injuries to her "head, brain, neck, back, shoulder and knee" and that she was owed damages for, *inter alia*, "[m]edical bills and expenses[,] past, present and future, in an amount reasonable in the premises" as a result of the Accident.  Mr. Myers alleged in the Underlying Litigation that he sustained injuries to his "neck, back, shoulder, hands and fingers" and that he was owed damages for, *inter alia*,

"[m]edical bills and expenses[,] past, present and future, in an amount reasonable in the premises" as a result of the Accident.

12.

In March of 2019, Mr. and Mrs. Myers settled and released their claims in the Underlying Litigation in exchange for a substantial sum of money (the "Underlying Settlement Funds") that far exceeds the $534,465.96 amount that PHI has paid in qualifying medical and other expenses on their behalf. The Underlying Settlement Funds fully compensated Mr. and Mrs. Myers for the medical expenses that they incurred as a result of the Accident—which expenses had been paid by PHI under the Plan—in addition to other general and special damages that Mr. and Mrs. Myers claimed due to the Accident.

13.

On its own behalf and through Blue Cross Louisiana, a third-party administrator of the Plan, PHI has demanded 100% reimbursement of the medical expenses that it paid on behalf of Mr. and Mrs. Myers as a result of the Accident. To date, Mr. and Mrs. Myers have refused to so reimburse PHI, despite having received the Underlying Settlement Funds that fully compensated them for the qualifying medical and other expenses that have been paid by PHI as a result of the Accident.

14.

Upon information and belief, approximately $468,000.00 is being held in trust by Mr. and Mrs. Myers' attorney in the Underlying Litigation pending resolution of PHI's medical lien claim.

15.

Mr. and Mrs. Myers are contractually and legally obligated to reimburse PHI for the $534,465.96 in qualifying medical and other expenses that PHI has paid to date on behalf of Mr. and Mrs. Myers, in addition to any such expenses that might be incurred by Mr. and Mrs. Myers in the future.

16.

The Plan requires participants such as Mr. and Mrs. Myers to reimburse PHI or the Plan for "**all amounts recovered by suit, settlement, or otherwise from any third party or the Plan Participant's insurer to the extent of the Benefits provided or paid under this Plan**." (emphasis added).  More specifically, Article XX(P) of the Plan provides, in pertinent part, as follows:

> The Plan Participant will reimburse the Plan all amounts recovered by suit, settlement, or otherwise from any third party or the Plan Participant's insurer to the extent of the Benefits provided or paid under this Plan.  The Plan's right of reimbursement comes first even if a Plan Participant is not paid for all of the Plan Participant's Claim for damages or even if the payment the Plan Participant receives is for, or is described as for, the Plan Participant's damages other than health care expenses, or if the Plan Participant recovering the money is a minor.  All costs that the Plan Participant incurs (including attorney fees) in exercising any right of recovery will be the Plan Participant's responsibility.  Amounts that the Plan paid on behalf of the Benefit Plan for which any third party or insurer is responsible will not be reduced by the amount of the Plan Participant's costs.  The Plan Participant shall hold in trust for the account of the Plan all amounts recovered, up to the total amount of Benefits paid.  The Group appoints the Plan Participant as its representative for such limited purpose only.

17.

Similarly, the "Plan of Benefits" prepared in connection with the Plan's administration provides, in pertinent part, as follows:

> Any amounts recovered will be subject to Subrogation or Reimbursement.  The Plan will be subrogated to all rights the Member may have against that other person or Another Party and will be entitled to first priority Reimbursement out of any Recovery to the extent of the Plan's payments.  In addition, the Plan shall

have a first priority equitable lien against any Recovery to the extent of Benefits paid and to be payable in the future.  The Plan's first priority equitable lien supersedes any right that the Member may have to be "made whole."  In other words, the Plan is entitled to the right of first Reimbursement out of any Recovery the Member procures or may be entitled to procure regardless of whether the Member has received full compensation for any of his or her damages or expenses, including attorneys' fees or costs and regardless of whether the Recovery is designated as payment for medical expenses or otherwise. Additionally, the Plan's right of first Reimbursement will not be reduced for any reason, including attorneys' fees, costs, comparative or contributory negligence, limits of collectability or responsibility, characterization of Recovery as pain and suffering or otherwise.  As a condition to receiving Benefits under the Plan, the Member agrees that acceptance of Benefits is constructive notice of this provision.

18.

Despite repeated amicable demands for reimbursement, and despite being contractually and legally obligated to reimburse PHI as set forth herein, Mr. and Mrs. Myers have failed to reimburse PHI for the qualifying medical and other expenses that have been paid on their behalf as result of the Accident.

19.

Accordingly, pursuant to the contractual terms of the Plan and 29 U.S.C. § 1132(a)(3), PHI seeks reimbursement of the $534,465.96 in qualifying medical and other expenses that have been paid to date on behalf of Mr. and Mrs. Myers as a result of the Accident, in addition to any such expenses that might be incurred in the future.

20.

PHI is entitled to and seeks to recover its costs and attorneys' fees incurred in connection with this action, pursuant to 29 U.S.C. § 1132(g) and under the Plan.

**WHEREFORE**, after all legal delays have run and all due proceedings are had, Plaintiff, PHI, Inc., prays that that there be judgment rendered in its favor, and against Defendants, Terry Myers and Sharon Myers, requiring Mr. and Mrs. Myers to reimburse PHI for the $534,465.96 in

qualifying medical and other expenses that have been paid to date on their behalf as a result of the Accident, in addition to any such expenses that might be incurred in the future, plus PHI's costs and attorneys' fees.

This 25th day of November, 2019.

Respectfully submitted:

*/s/ Christopher K. Ulfers*
COVERT J. GEARY (#14280)
CHRISTOPHER K. ULFERS (#36712)
Jones Walker LLP
201 St. Charles Avenue – 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8320
Facsimile:  (504) 589-8320
E-mail:  cgeary@joneswalker.com
culfers@joneswalker.com
*Counsel for PHI, Inc.*