# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| PHI AVIATION, LLC | CIVIL ACTION NO. 6:19-1509 |
| VERSUS | JUDGE SUMMERHAYS |
| TERRY MYERS, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is the Motion to Dismiss for Failure to State a Claim and for Improper Venue, and alternatively, Motion for More Definite Statement [Doc. 17] filed by defendants, Terry and Sharon Myers ("defendants"). The motion is opposed by the plaintiff, PHI Aviation, LLC ("PHI") [Doc. 19], and defendants filed a reply brief [Doc. 20]. After review of the briefs and the applicable law, the undersigned RECOMMENDS that the motion to dismiss be DENIED in its entirety.

## I. BACKGROUND

This case arises out an automobile accident that took place in Acadia, Parish on December 20, 2013. *R. 15 at ¶ 8.* On that date, Mr. Myers was employed by PHI, and he and his wife were participants in a Medical Benefit Plan for the Employees of PHI, Inc. (the "Plan"), which allegedly was sponsored by PHI and administered at times by Blue Cross Blue Shield of Louisiana ("Blue Cross Louisiana") or Blue

1

Cross Blue Shield of South Carolina ("Blue Cross South Carolina"). *Id. at ¶¶ 6-8.* On the date of the accident, Mr. and Myers were involved in a rear-end motor-vehicle accident in Acadia Parish, Louisiana and received medical treatment and other services from medical providers for their injuries. *Id. at ¶¶ 8, 9.,* In its Amended Complaint, PHI alleges that the costs of the medical treatment and other services received by Mr. and Mrs. Myers as a result of the accident were submitted to and processed by Blue Cross Louisiana or Blue Cross South Carolina and paid for by PHI under the Plan. *Id. at ¶ 9.* PHI alleges that as of the filing of the Amended Complaint, PHI has paid approximately $534,964.07 in qualifying medical and other expenses on behalf of Mr. and Mrs. Myers, of which $333,492.21 has been reimbursed by the Myers, leaving an unpaid balance of $201,471.76. *Id. at ¶¶ 10-11.* PHI alleges it has made demand for the unpaid balance, but that the defendants have thus far refused to pay it.

On or about May 29, 2014, Mr. and Mrs. Myers filed a civil lawsuit in the 15th Judicial District Court for the Parish of Acadia, State of Louisiana, to recover damages as a result of the accident. *Id. at ¶ 11.* In the suit filed in Acadia Parish, Mr. and Mrs. Myers each alleged that they sustained varying injuries as a result of the accident, including injuries to the head, neck, brain, back, shoulders, knees, hands, and fingers. *Id. at ¶ 12.*

In March of 2019, Mr. and Mrs. Myers settled and released their claims in the state court litigation in exchange for an amount that PHI alleges "far exceeds the $534,964.07 amount that PHI has paid in qualifying medical and other expenses on their behalf." *Id. at ¶ 13*. On its own and through Blue Cross Louisiana, a third-party administrator of the Plan, PHI has demanded 100% reimbursement of the medical expenses that it paid on behalf of Mr. and Mrs. Myers as a result of the Accident. *Id. at ¶ 14*. Again, PHI alleges that defendants have reimbursed $333,492.31 of the $534,964.07 in qualifying medical and other expenses, leaving an unpaid balance of $201,471.76. *Id.*

PHI filed the instant lawsuit as a civil-enforcement action under Section 502(a)(3) of the Employee Retirement and Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) ("ERISA"), and in their action, seeks reimbursement of the qualifying medical and other expenses paid by PHI on behalf of Mr. and Mrs. Myers that have not been reimbursed.

## II. LAW AND ANALYSIS

**A. Analysis**

**1. Motion to Dismiss for Failure to Raise a Claim**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547

3

(2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

Defendants seek dismissal of the instant lawsuit on grounds they have already reimbursed PHI for all of the medical expenses related to the accident. Defendants

4

argue that the balance that PHI argues remains due – an amount that totals $201,471.76 – is not related to the accident at issue, and therefore, PHI is not entitled to reimbursement of these amounts. The basis of the defendants' motion clearly raises disputed facts, and ones that would be improperly resolved in a motion to dismiss. This Court is bound by the standards of Rule 12(b)(6), which requires that all factual allegations made by the plaintiffs be taken as true at this juncture of the litigation. In short, PHI has specifically alleged the amounts sought, the specific provisions of law under which they seek relief, and the factual bases for their claims. For this reason, the motion to dismiss for failure to raise a claim should be DENIED.

### 2. Motion to Dismiss for Improper Venue

Defendants seek to dismiss the instant lawsuit on grounds it was filed in an improper venue. Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss a claim filed in an improper venue. Fed. R. Civ. P. 12(b)(3); *see also Crawford v. BP Corp. N. Am.*, 2014 U.S. Dist. LEXIS 184371, at *7 (E.D. La. Jan. 9, 2014). The federal venue statute, 28 U.S.C. §1391(b), provides that a civil action may be filed in any of the following judicial districts:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b).

Additionally, ERISA's civil enforcement statute, 29 U.S.C. §1132, provides that an action may be filed "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2). The basis of defendants' venue argument is that this matter does not arise under ERISA, because PHI has not proven that the Plan at issue is "self-funded." Rather, defendants argue that Louisiana insurance law governs PHI's claims, however, they cite no jurisprudence in support of their argument. PHI argues that it has, in fact, alleged a claim arising under ERISA, by alleging that the Plan at issue is a Medical Benefit Plan governed by ERISA, and that the Plan was established by the employer and Plan Sponsor, PHI, to provide group health insurance coverage for its eligible employees. PHI further alleges that this lawsuit is an action for "appropriate equitable relief" in connection with an ERISA-governed health plan pursuant to 29 U.S.C. 1132(a)(3), which provides in pertinent part, that "a civil action may be brought . . . by a participant beneficiary, or fiduciary . . . to obtain other appropriate equitable relief."

Review of the pleadings in this matter shows that PHI alleges defendant are domiciled in Lafayette, Louisiana, within the Western District of Louisiana, and that

PHI alleges that defendants' violations of ERISA occurred within the Western District of Louisiana. Clearly, venue is proper under both 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b). To the extent that the defendants may be arguing this Court lacks subject matter jurisdiction, the motion does not seek relief on such grounds and is, therefore, an argument not appropriately resolved by the Court herein.

Considering the foregoing, defendants' motion to dismiss on grounds this matter has been filed in an improper venue should be DENIED.

### 3. Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) entitles a party to a more definite statement when a pleading or a portion thereof "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *DeCossas v. St. Tammany Parish Sch. Bd.*, 2017 U.S. Dist. LEXIS 44186, at *13 (E.D. La. Mar. 27, 2017, *citing* Fed. R. Civ. P. 12(e). "A court should only grant a motion for more definite statement when the complaint is 'so excessively vague and ambiguous to be unintelligible and [] to prejudice the defendant seriously in attempting to answer it.'" *Priority Assist, Inc. v. Stockton & Assocs.*, 2016 U.S. Dist. LEXIS 113514, at *5 (S.D. Tex. Aug. 24, 2016), *quoting Phillips v. ABB Combustion Eng'g, Inc.*, 2013 U.S. Dist. LEXIS 87492, at *2 (E.D. La. June 19, 2013).

It is well-settled that, "[g]iven the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored." *Griffith v. Kroger Co.*, 2008 U.S. Dist. LEXIS 131988, at *3 (E.D. Tex. Mar. 7, 2008), *citing Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Indeed, courts have held that "[a] motion for more definite statement should not be used as a substitute for discovery; it should be used as a remedy for unintelligible pleading, not for correcting lack of detail." *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639–40 (S.D. Tex. 2001).

The crux of defendants' argument is that PHI has failed to specifically allege the balances allegedly owed by each plaintiff. However, a review of the Amended Complaint shows that PHI alleges it paid $475,919.47 on behalf of Mrs. Myers and $59,044.60 on behalf of Mr. Myers. These amounts total $534,964.07, which is the total amount claimed by PHI in its Amended Complaint. Defendants argue in their reply brief that they are entitled to "clear and unambiguous statements of account as to what exactly each allegedly owes." However, as noted by PHI, the plaintiffs were married at the time of the accident in question, and presumably there is a community of assets and liabilities between them. To the extent that there is not, and that each defendant is individually and solely liable for the amounts they were paid, such facts, and the extent to which certain specific amounts may be challenged by the parties, will be addressed after discovery has been completed in this matter. The critical inquiry at this juncture is whether PHI's allegations as stated in the Amended

Complaint are so "vague and ambiguous as to be unintelligible." The undersigned concludes that they are not.

Considering the foregoing, defendants' motion for more definite statement should be DENIED.

### III. CONCLUSION

Thus, for the reasons stated herein, IT IS RECOMMENDED that the Motion to Dismiss for Failure to State a Claim and for Improper Venue, and alternatively, Motion for More Definite Statement [Doc. 17], filed by defendants, be DENIED in its entirety.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 27th day of October, 2020 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE